**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| HEATHER MEHUDAR, | ) | |
| Plaintiff, | ) ) | Case No. 2:16-cv-00304-RFB-CWH |
| vs. | ) ) | **ORDER** |
| GENEVIE ACKLIN, et al., | ) ) | |
| Defendants. | ) ) | |

Presently before the court is pro se Plaintiff Heather Mehudar's Notice: Unseal Claim and All Records (ECF No. 37), filed on October 12, 2016. After this document was filed, the Clerk of Court corrected the docket to indicate that this is a motion to unseal.

Plaintiff states that on September 26, 2016, she filed an amended claim (ECF No. 19). Plaintiff states that the Clerk of Court improperly marked her amended claim as "sealed" without her authorization. Plaintiff states that the clerk's actions have caused her emotional distress and wasted her time and she requests monetary damages in the amount of $1,000 per day for each day that her amended claim remains under seal.

Federal Rule of Civil Procedure 5.2 provides that

> [u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial account number.

Similarly, Local Rule IC 6-1(a) requires documents containing personal-data identifiers to be partially redacted. Both Rule 5.2(f) and Local Rule IC 6-1(b) set forth procedures for filing

redacted copies of documents that contain personal-data identifiers as well as unredacted copies of the documents under seal. Under Rule 5.2(h), "[a] person waives the protection of 5.2(a) as to the person's own information by filing it without redaction and not under seal."

Here, it appears that the Clerk of Court sealed Plaintiff's amended claim to protect her privacy because it contains her social security number and other personal identifying information. Given that a person may waive the protection of Rule 5.2(a) as to their own information and that Plaintiff requests her amended claim to be unsealed, the court will grant Plaintiff's motion to the extent that she requests her amended claim be unsealed. Given that Plaintiff does not provide any legal authority indicating that she is entitled to monetary damages because her amended claim was sealed, the court will deny Plaintiff's motion to the extent that she requests monetary damages. *See* LR 7-2(d) (stating that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.") Plaintiff is advised that if she would like her personal identifying information to be protected, she should file a redacted version of her amended claim in accordance with Rule 5.2 and Local Rule IC 6-1.

Additionally, the court notes that Plaintiff has filed various notices with the court, some of which appear to be seeking action by the court. (*See* ECF Nos. 20-35.) When a document is electronically filed using the "notice" event, it does not trigger the electronic filing system to mark the document as an action item for the court. If Plaintiff seeks relief from the court, she is advised to style her requests for relief as motions, which will be automatically marked by the electronic filing system as action items. When a request is styled as a motion, it also triggers the opposing party's response deadline and the movant's reply deadline, thereby giving all parties the opportunity to be heard before the court decides the motion. Although the court will liberally construe Plaintiff's filings given that she is not represented by an attorney, Plaintiff nevertheless is required to follow the same rules of procedure that govern other litigants. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Given that Plaintiff is registered as an electronic filer, she must file all documents electronically as set forth in the court's local rules. *See* LR IC 2-1(a). Plaintiff therefore is advised that the court will not take further action with respect to the documents filed at ECF Nos. 20-35 unless they are re-filed as motions.

IT IS THEREFORE ORDERED that Plaintiff's Notice: Unseal Claim and All Records (ECF No. 37), construed by the court as a motion to unseal, is GRANTED to the extent that Plaintiff requests that her amended claim (ECF No. 19) be unsealed. The motion is DENIED in all other respects.

IT IS FURTHER ORDERED that the Clerk of Court must unseal Plaintiff's amended claim (ECF No. 19).

DATED: October 17, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**