# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER MEHUDAR, | ) |
| Plaintiff, | ) Case No. 2:16-cv-00304-RFB-CWH |
| vs. | ) **ORDER** |
| GENEVIE ACKLIN, et al., | ) |
| Defendants. | ) |

Presently before the court is pro se Plaintiff Heather Mehudar's Motion to Strike (ECF No. 73), filed on May 1, 2017. Defendants did not file a response.

Also before the court are Plaintiff's various notices (ECF Nos. 68, 70, 72, 74, 76, 77, 80, 81), filed between March 23, 2017, and May 31, 2017.

## I.     MOTION TO STRIKE

Although it is somewhat difficult to understand, it appears that Plaintiff is moving for reconsideration of the undersigned's order (ECF No. 69) dated April 3, 2017, which instructed the Clerk of Court to strike Plaintiff's Motion: Show Cause as to Why Default Judgment Has Not Been Issued Notice: Right of Suffrage; Copyright; Jurat Affidavits (ECF No. 67). This motion was stricken because it did not contain a coherent memorandum of points and authorities and as a sanction for Plaintiff's repeated failure to comply with the court's orders and local rules. (*See* Order (ECF No. 69) at 1-2.) Plaintiff now requests reconsideration on the grounds that the undersigned is not acting in his official capacity as a judge given that he issues "orders" as opposed to "court orders" and because he acting as a British agent, among other things.

"The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." LR 59-1(a). "Reconsideration also may be appropriate if

(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* A party seeking reconsideration must state with particularity "the points of law or fact that the court has overlooked or misunderstood" or the "[c]hanges in legal or factual circumstances that may entitle the movant to relief." *Id.*

Here, Plaintiff does not identify any newly discovered evidence, any error committed by the court, or an intervening change in controlling law. To the extent that the Plaintiff is arguing that the court committed error because the undersigned was not acting in his capacity as a judge, she does not provide any legal authority in support of that argument and is therefore deemed to have consented to a denial of the motion on that point. *See* LR 7-2(d) (stating that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). The court therefore will deny Plaintiff's motion.

## II. NOTICES

On October 17, 2016, the court advised Plaintiff that numerous notices (ECF Nos. 20-35) would not be acted upon by the court and that if she seeks relief from the court, she must file a motion. (Order (ECF No. 40).) Plaintiff further was advised that although the court will liberally construe her filings because she is not represented by an attorney, she nevertheless is required to follow the same rules of procedure that govern other litigants. (*Id.* at 2.) Disregarding this order, Plaintiff filed additional notices (ECF Nos. 64, 65), resulting in the court entering another order advising Plaintiff that no action would be taken with respect to the notices and that she must style requests for relief as motions. (Order (ECF No. 66).) The court advised Plaintiff that "any additional failures to comply with the court's orders and local rules may subject her to sanctions under Federal Rule of Civil Procedure 16(f) and/or Local Rule IA 11-8(c)-(d)." (*Id.* at 2.) Once again disregarding the court's orders, Plaintiff has now filed an additional eight notices (ECF Nos. 68, 70, 72, 74, 76, 77, 80, 81). As a sanction for her continued failure to comply with the court's orders and rules, the court will strike these notices. Plaintiff is reminded that any additional failure to comply with the court's orders and local rules will subject her to sanctions under Federal Rule of Civil Procedure 16(f) and/or Local Rule IA 11-8(c)-(d).

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff Heather Mehudar's Motion to Strike (ECF No. 73) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court must STRIKE the following notices: ECF Nos. 68, 70, 72, 74, 76, 77, 80, 81.

DATED: June 8, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**