# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HEATHER MEHUDAR, | Case No. 2:16-cv-00304 |
| Plaintiff, | ORDER |
| v. | |
| GENEVIE ACKLIN, ET AL. | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. ECF No. 49. For the reasons stated below, the Motion is granted.

## II. BACKGROUND

Plaintiff asserts a "common law tort claim" relying on "the Bill of Rights" and the "Constitution of the United States," "Article VII" and "Article IX." The Amended Claim lists only the United States and the Internal Revenue Service as defendants. Plaintiff alleges that wages were wrongfully withheld.

The original complaint was filed in state court on January 6, 2016. ECF No. 1 The case was removed on February 16, 2016. ECF No. 1. On September 9, 2016, the Court denied without prejudice Defendant's Motion to Dismiss for lack of jurisdiction without prejudice to refiling after Plaintiff's Amended Complaint. ECF No. 18. Plaintiff filed her Amended Complaint, docketed as "Amended Claim" on September 26, 2016. EF No. 19 Defendant filed a renewed Motion to

Dismiss for lack of jurisdiction on November 2, 2016. ECF No. 49. Plaintiff Responded on November 13, 2016. ECF No. 53. No Reply was filed. No discovery order has been entered.

### III. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### IV. ALLEGED FACTS

Plaintiff asserts a "common law tort claim" relying on "the Bill of Rights" and the "Constitution of the United States," "Article VII" and "Article IX." Only the IRS and the US are named as "wrongdoers." Plaintiff gave no entity the right to administrate her property. Plaintiff alleges "[f]unds withheld from my wages and fraudulently demanded by the IRS is my property" She demands the IRS provide legal justification for her 1040 income tax liability, and a "6203 Certified Assessment." She alleges that "[t]he IRS and US have usurped their duties and interfered with her rights, thereby making them liable for suit" for damages. She claims damages of $2,903,001.44. Plaintiff has attached to her claims copies tax forms 1040X and 4852 from 1989-2015. The documents are not referenced or organized.

### V. DISCUSSION

"The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration.'" Dugan

v. Rank, 372 U.S. 609, 620 (1963). "The provisions of this chapter and section 1346(b) of this title [FTCA] shall not apply to . . . (c) any claim arising in respect of the assessment of collection of any tax or custom duty[.]" 28 USC § 2680. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. U.S., 508 U.S. 106, 113 (1993). Plaintiff sues only the IRS and the United States; there is no waiver of sovereign immunity; and nothing in the complaint indicates any administrative exhaustion. As such the motion must be granted. The Court lacks jurisdiction over the case.

Furthermore, regardless of immunity, the Amended Claim does not state with any specificity the errors in the collection of taxes or any other conduct by the US or the IRS. The Court has no obligation to read through voluminous tax records, and would have no basis to determine whether there is any violation. The Plaintiff has not, despite being given an opportunity for amendment, stated a valid and precise claim as required by Rule 8.

**IT IS HEREBY ORDERED** that [49] Motion to Dismiss is GRANTED. As no claims remain, the Clerk of Court is ordered to close this case.

**IT IS FURTHER ORDERED** that the Plaintiff's [41], [42], [43], [44], [45], [55], [56], and [57] Motions for Entry of Clerks Default are DENIED as moot.

DATED: September 25, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**